

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS SMITH,

    Defendant.
_____/

Case:2:18-cr-20456
Judge: Borman, Paul D.
MJ: Patti, Anthony P.
Filed: 06-26-2018 At 04:53 PM
SEALED MATTER (dat)

VIO: 18 U.S.C. § 1347
       18 U.S.C. § 2
       18 U.S.C. § 982

## INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

### The Medicare Program

1.    The Medicare program was a federal health care program providing benefits to persons who were 65 years or older, or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services.

Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. The Medicare program included coverage under two primary components, hospital insurance ("Part A"), and medical insurance ("Part B"). Part B of the Medicare Program covered the cost of physicians' services and other ancillary services not covered by Part A. The claims at issue in this indictment were submitted under Part B of the Medicare Program.

4. Wisconsin Physicians Service ("WPS") was the CMS contracted carrier for Medicare Part B in the state of Michigan. TrustSolutions LLC was the Program Safeguard Contractor for Medicare Part B in the state of Michigan until April 24, 2012, when it was replaced by Cahaba Safeguard Administrators LLC ("Cahaba") as the Zone Program Integrity Contractor ("ZPIC"). The ZPIC was the contractor charged with investigating fraud, waste and abuse. Cahaba was replaced by AdvanceMed in May 2015.

5. Clinics and health care providers that provided services to Medicare beneficiaries were able to apply for and obtain a Medicare "provider number." A health care provider who was issued a Medicare provider number was able to file claims with Medicare to provide reimbursement for services provided to

beneficiaries. A Medicare claim was required to set forth, among other things, the beneficiary's name, the date the services were provided, the cost of the services, and the name and identification number of the health care provider who provided the service. When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the PIN assigned to that medical provider. When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

6. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors. Health care providers were given and/or provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations.

7. Medicare Part B regulations required health care providers enrolled with Medicare to maintain complete and accurate medical records reflecting the medical assessment and diagnosis of their patients, as well as records documenting actual treatment of the patients to whom services were provided and for whom claims were submitted. These records were required to be sufficient to permit Medicare, through WPS and other contractors, to review the appropriateness of Medicare payments made to the health care provider under the Part B program.

8. In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92) containing the required information appropriately identifying the provider, patient, and services rendered, among other things.

9. When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

10. Providers could only submit claims to Medicare for services they rendered and that were medically necessary, and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

## Medical Coding

11. The American Medical Association assigns and publishes numeric codes, known as the Current Procedural Terminology ("CPT") and Health Care Procedure Common Coding System ("HCPCS") codes. The codes are a systematic listing, or universal language, used to describe the procedures and services performed by health care providers.

12. The procedures and services represented by the CPT and HCPCS codes are health care benefits, items, and services within the meaning of 18 U.S.C. § 24(b). They include codes for office visits, diagnostic testing and evaluation, and other services. Health care providers use CPT and HCPCS codes to describe the services rendered in their claims for reimbursement to health care benefit programs.

13. Health care benefit programs, including Medicare, use these codes to understand and evaluate the claims submitted by providers and to decide whether to issue or deny payment. Each health care benefit program establishes a fee or reimbursement level for each service described by a CPT or HCPCS code.

## The Entity

14. TAMISIKA PSYCORP, PLLC ("Tamisika"), is a Texas professional limited liability company, incorporated in or around October 11, 2016. Tamisika is, or was, enrolled as a participating provider with Medicare in both Texas and

Michigan, and submitted claims for services purportedly provided in both states using separate Medicare Identification numbers.

### The Defendant

15.  Defendant CARLOS SMITH, a resident of Fort Bend County, Texas, was a licensed psychologist in the state of Michigan who was enrolled as a participating provider with Medicare. CARLOS SMITH was the registered agent for Tamisika.

### COUNT 1
### (18 U.S.C. §§ 1347 and 2 - Health Care Fraud)

16.  Paragraphs 1 through 17 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

17.  From in or around October 2016 and continuing through in or around June 2018, the exact dates being unknown to the Grand Jury, in Wayne county, in the Eastern District of Michigan, and elsewhere, the defendant CARLOS SMITH, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a federal health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of

Medicare, in connection with the delivery of and payment for health care benefits, item and services.

## Purpose of Scheme and Artifice

18. It was a purpose of the scheme and artifice for CARLOS SMITH to unlawfully enrich himself by, among other things, (a) submitting or causing the submission of false and fraudulent claims to Medicare for services that were: (i) medically unnecessary; (ii) not eligible for reimbursement; and/or (iii) not provided as represented; (b) concealing the submission of false and fraudulent claims to Medicare, and the receipt and transfer of the proceeds from the fraud; and (c) diverting proceeds of the fraud for the personal use and benefit of the defendant.

## The Scheme and Artifice

The matter and means of CARLOS SMITH's scheme and artifice was as follows:

19. Beginning in February 2017, CARLOS SMITH would submit or cause the submission of a Medicare enrollment application to provide services in Michigan and falsely certify to Medicare that he would comply with all Medicare rules and regulations, and federal laws, including that he would not knowingly present or cause to be presented, a false and fraudulent claim for payment by Medicare.

20. CARLOS SMITH would post or cause the posting of online advertisements for social worker positions in order to obtain the personal and professional identification of licensed clinical social workers.

21. CARLOS SMITH would enroll or cause the enrollment of licensed clinical social workers with Medicare as providers for Tamisika.

22. CARLOS SMITH would obtain Medicare beneficiary information that was used to support false and fraudulent claims that were submitted to Medicare.

23. CARLOS SMITH would submit or cause the submission of claims to Medicare for psychotherapy services that were purportedly (a) provided by social workers, when in fact, those social workers did not provide psychotherapy services; and (b) provided to Medicare beneficiaries, when in fact, no such services were provided.

24. CARLOS SMITH submitted or caused the submission of claims to Medicare for more than $1.2 million for these services, which were medically unnecessary, not eligible for Medicare reimbursement, or not provided.

All in violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(7) - Criminal Forfeiture)

25. The allegations contained in this Indictment above are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

26. As a result of the violations alleged in Count One under Title 18, United States Code, Sections 1347 and 2, as set forth in this Indictment, defendant CARLOS SMITH shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, constituting, or derived from, any gross proceeds obtained, directly or indirectly, as a result of such violation.

27. Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

> a. Cannot be located upon the exercise of due diligence;
> b. Has been transferred or sold to, or deposited with, a third party;
> c. Has been placed beyond the jurisdiction of the Court;
> d. Has been substantially diminished in value; or
> e. Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to

seek to forfeit any other property of defendant CARLOS SMITH up to the value of the forfeitable property described above.

28.   <u>Money Judgment</u>:  Defendant CARLOS SMITH shall forfeit to the United States a sum of money equal to at least $1,201,980.00 in United States currency, or such amount as is proved in this matter, representing the total amount of gross proceeds defendant obtained as a result of defendant's violation of Title 18, United States Code, Sections §§ 1347 and 2, as alleged in this Indictment.

THIS IS A TRUE BILL.

s/Grand Jury Foreperson<br>Grand Jury Foreperson

MATTHEW SCHNEIDER
United States Attorney

s/Wayne F. Pratt
WAYNE F. PRATT
Chief, Health Care Fraud United
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226

s/Brendan Stewart
BRENDAN STEWART
Assistant Chief
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue, N.W.
Washington, DC  20005

s/Steven Scott
STEVEN SCOTT
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, DC 20005


Date: June 26, 2018

ORIGINAL

| United States District Court<br>Eastern District of Michigan | Criminal Case C | Case: 2:18-cr-20456<br>Judge: Borman, Paul D.<br>MJ: Patti, Anthony P.<br>Filed: 06-26-2018 At 04:53 PM<br>SEALED MATTER (dat) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to ⟨...⟩ ...accurately in all respects.

| | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: SS |

**Case Title:** USA v. Carlos Smith

**County where offense occurred:** Wayne County

**Check One:**   ☒ Felony    ☐ Misdemeanor    ☐ Petty

✓ Indictment/____Information --- no prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number: ____]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

June 26, 2018
Date

*/s/ T. Scott*

Steven Scott, Trial Attorney
211 West Fort Street, Detroit, MI 48226
Phone: (202) 262-6763
Fax:   (313) 226-0816
E-Mail address: Steven.Scott@usdoj.gov
Attorney Bar #: ILLINOIS 6306957

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.