# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

|  |  |  |
| --- | --- | --- |
| | **Plaintiff,** | **Case No. 18-20456** |

**-v-**                                                    **HON.  PAUL BORMAN**

**CARLOS SMITH,**

                              **Defendant.**

_____/

## MOTION FOR JUDICIAL RECOMMENDATION
## FOR MAXIMUM RRC/HALFWAY HOUSE PLACEMENT[1]

Now comes Carlos Smith, Defendant herein, by and through his attorney

Steven Fishman, and in support of his Motion for Judicial Recommendation for

Maximum RRC/Halfway House Placement states as follows:

1.  On June 24, 2019, Carlos Smith was sentenced by this Court to a prison

term of 36 months.  The Court allowed him to surrender voluntarily once an

institution was designated.

2.  On October 1, 2019, Mr. Smith surrendered to begin serving his

sentence.  He is presently incarcerated at FCI Texarkana.

3.  Pursuant to the Second Chance Act of 2007, the BOP may place an

_____

[1] RRC is an acronym for Residential Reentry Management

inmate in a RRC/Halfway House for up to twelve months prior to his release date. According to the BOP website, Mr. Smith's release date is November 21, 2021. Therefore, under the Second Chance Act, Mr. Smith will be qualified to enter a RRC/Halfway House on November 21, 2020.

6.   Mr. Smith has demonstrated that a judicial recommendation of maximum halfway house/RRC placement should be issued for the following reasons:

      a.   Mr. Smith is a non-violent offender;

      b.   He has paid his restitution of $263,654.86 in full;

      c.   He has been incarcerated for over thirteen months with no disciplinary infractions;

      d.   While incarcerated, he has completed a number of classes which are enumerated in his Individual Reentry Plan; (See Exhibit 1)

      e.   In addition to the above classes, he has recently completed the Residential Drug and Alcohol Program (RDAP);

8.   The Second Chance Act encourages inmates to participate in prison programming to earn more halfway house time and home confinement time.  As can be seen from the above list, the Act motivated Mr. Smith to participate in as much prison programming as was available to him.

9.   Mr. Smith is, therefore, eligible for and should be considered for the

maximum period of time at a RRC/Halfway House.

10.   Community corrections facilities (i.e. residential re-entry center/halfway house) are "penal or correctional" facilities within the meaning of 18 USC §3621(b) and a prisoner can be placed at a community corrections facility at any time during his imprisonment.  (See Exhibit 2)

11.   18 USC §3624(c) governs the BOP's obligation to facilitate inmates' re-entry into society, and permits the BOP, among other things, to place prisoners in Residential Re-Entry Centers.  (See Exhibit 3)

12.   The Second Chance Act provides incentives for prisoner participation in skills development programs which may, at the discretion of the BOP, include "the maximum allowable period in a community confinement facility."  (See Exhibit 4)

13.   A recommendation by this Court would not be binding on the BOP but would be considered by it as one of the factors used to determine the amount of RRC/Halfway House time granted to Mr. Smith under 18 USC 3621(B)(4).

14.   A recommendation by this Court, if followed by the BOP, would not shorten Mr. Smith's sentence.  Instead, it would merely allow him to serve the additional months of his sentence in a RRC/Halfway House where he would still be under supervision.

15.   A recommendation by this Court that Mr. Smith be granted additional

halfway house time would be consistent with the policy of the Second Chance Act and allow him to re-enter society gradually by first returning to work.

16.   Without a recommendation from this Court, it is unlikely that the BOP will grant Mr. Smith the additional RRC/Halfway House time he seeks and is qualified to receive under the Second Chance Act.

17.   Based on an email exchange with Department of Justice prosecutor Steven Scott, the government takes no position on this motion and leaves it to the Court's discretion.

## **CONCLUSION**

WHEREFORE, Defendant Smith requests that this Court grant his Motion for Judicial Recommendation for Maximum RRC/Halfway House Placement and recommend to the Bureau of Prisons that he be admitted to that program for the maximum time allowable under the Second Chance Act.

Respectfully submitted,

s/ Steven Fishman
Steven Fishman (P23049)
Attorney for Defendant Smith
615 Griswold, Suite #1120
Detroit, MI 48226
(313) 920-2001
e-mail: sfish6666@gmail.com

Dated: November 11, 2020

## <u>BRIEF IN SUPPORT OF</u>
## <u>MOTION FOR JUDICIAL RECOMMENDATION</u>
## <u>FOR MAXIMUM RRC/HALFWAY HOUSE PLACEMENT</u>

The relief requested in this motion lies within the sound discretion of the

trial court.

Respectfully submitted,

<u>s/ Steven Fishman</u>
Steven Fishman (P23049)
Attorney for Defendant Smith
615 Griswold, Suite #1120
Detroit, MI 48226
(313) 920-2001
e-mail: sfish6666@gmail.com

Dated: November 11, 2020

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 11, 2020, I served a copy of the attached motion

upon Department of Justice lawyer Steven Scott by filing same electronically.

<u>s/ Steven Fishman</u>
Steven Fishman